UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SILVIO R. ILLESCAS,

                          Petitioner,               **ORDER**

          -against-                   17 Civ. 5385 (VB) (AEK)

THOMAS GRIFFIN,

                          Respondent.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

Petitioner filed an application for appointment of counsel, which was docketed in this habeas corpus action on September 14, 2023.  ECF No. 83.  In the application, Petitioner cited various medical issues he had been experiencing and stated that he sought the appointment of an attorney "to properly file a special motion for early release, and to get an urgent surgery of an organ and treatment for all these diseases from an outside private hospital.  Also a complete diagnosis of all my symptoms."  *Id.* at 2.  While nothing in the application specifically indicated that Petitioner was seeking the appointment of counsel in connection with his pending petition for a writ of habeas corpus, the Court nevertheless addresses his request in the context of this particular action.[1]

In deciding this application, the Court considers the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), the case that provides the standard that courts in this Circuit use to determine whether appointment of counsel in a civil matter is appropriate.  Under

---

[1] Petitioner has another lawsuit pending in federal court—in that case, he asserts claims related to his medical care during his incarceration.  *See Illescas v. Annucci, et al.*, 21 Civ. 8473 (NSR) (S.D.N.Y.).  As recently as October 31, 2025, Petitioner sought the appointment of *pro bono* counsel in that action, and on November 6, 2025, his application was denied.  *See id.*, ECF Nos. 240-241.

this standard, a court must first determine "whether the indigent's position seems likely to be of substance." *Id.* at 61.  If an application meets this threshold requirement, the district court must further consider the petitioner's ability and efforts to obtain counsel, as well as "his [or her] ability to handle the case without assistance in [] light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge*, 802 F.2d at 61-62.

As set forth in the Court's Report and Recommendation regarding Petitioner's habeas petition, which also was issued today, the Court has concluded that Petitioner's claims do not "ha[ve] substantial merit." *Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98 (2d Cir. 2011).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets strict standards for federal courts reviewing the decisions of state courts: if an application for a writ of habeas corpus is to succeed, a claim in the petition must satisfy all applicable procedural requirements, and if it does, the state court proceeding on which that claim is based must have resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "a decision based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)-(2).  In addition, a determination of a factual issue made by a state court is presumed to be correct.  28 U.S.C. § 2254(e)(1).  The Court has found that Petitioner's claims do not succeed under the AEDPA's strict standards and has recommended that his habeas petition be denied in its entirety.  *See* ECF No. 88.  Petitioner therefore cannot satisfy the first *Hodge* factor.

2

Because Petitioner cannot meet the threshold requirement of having substantial claims, the Court need not consider the other factors enumerated in *Hodge*, *i.e.*, Petitioner's ability and efforts to obtain counsel, as well as an inability to handle the case without assistance.

Accordingly, Petitioner's application for appointment of counsel (ECF No. 83) is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this order to *pro se* Petitioner.

Dated:  November 26, 2025
    White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge