UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

| | | |
|---|---|---|
| SILVIO R. ILLESCAS, Petitioner, | : | |
| v. | : | **ORDER** |
| | : | |
| THOMAS GRIFFIN, Superintendent, Green Haven Correctional Facility, Respondent. | : | 17 CV 5385 (VB) |

-----------------------------------------------------------x

Before the Court is Magistrate Judge Andrew E. Krause's Report and Recommendation ("R&R"), dated November 26, 2025 (Doc. #88), on pro se petitioner Silvio R. Illescas's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Judge Krause recommended that the petition be denied in its entirety.

Petitioner filed timely objections to the R&R.[1] (Doc. #96).

For the following reasons, the Court OVERRULES petitioner's objections and adopts the R&R as the opinion of the Court. Accordingly, the petition is DENIED.

The Court presumes the parties' familiarity with the factual and procedural background of this case.

## DISCUSSION

I. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after

---

[1] In deference to petitioner's pro se status, the Court extended the deadline for petitioner to file objections to the R&R three times. (Docs. ##91, 93, 95).

being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail, see Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews de novo those portions of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review is appropriate even when a litigant reiterates arguments raised before the magistrate judge. See Nambiar v. Cent. Orthopedic Grp., LLP, 158 F.4th 349, 359–61 (2d Cir. 2025). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Further, "[a] proper objection generally may not raise new arguments not previously made before the magistrate judge." Nambiar v. Cent. Orthopedic Grp., LLP, 158 F.4th at 359.[2]

As petitioner is proceeding pro se, this Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to habeas corpus relief only if he can show, in adjudicating his claim on the merits, the state court either (i) unreasonably applied, or made a decision contrary to, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)–(2). The state court's determination of factual issues is presumptively correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Moreover, when a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with state procedural rules, or that he is actually innocent. Clark v. Perez, 510 F.3d 382, 391–93 (2d Cir. 2008). Finally, a petitioner's unexhausted claims can be denied on their merits under a de novo standard of review. 28 U.S.C. § 2254(b)(2); Berghuis v. Thompkins, 560 U.S. 370, 390 (2010).

## II. Analysis

Petitioner's objections largely rehash the arguments he made before the magistrate judge and are otherwise general and conclusory. Indeed, petitioner makes hardly any mention of the R&R. In any event, the Court has carefully reviewed the R&R and the underlying record de novo as to any specific objection petitioner has made. For the reasons detailed below, upon de novo review, and applying, as did the magistrate judge, the proper standard of review under AEDPA, the Court finds petitioner's objections to be without merit.

### A. Procedural Bar

First, petitioner challenges the magistrate judge's determination that certain of his claims are procedurally barred. Petitioner contends the magistrate judge never reviewed his submission entitled "Reply Memorandum of Law to Support Writ of Habeas Corpus" (Doc. #57), which petitioner contends shows his claims are not procedurally barred.

There is no support for petitioner's assertion that the magistrate judge ignored petitioner's reply. Indeed, petitioner's own objection recognizes that Magistrate Judge Smith[3] accepted his reply despite it being over length. (Doc. #58). Further, the R&R explicitly mentions petitioner's reply when detailing the procedural history of his petition. (R&R at 10). And, in line with petitioner's arguments set forth in his reply, the magistrate judge found that certain of petitioner's claims for ineffective assistance of counsel were not procedurally barred and reviewed those claims on the merits. (Id. at 21; Doc. #57 at ECF 55–56).[4]

In any event, upon reviewing the underlying record and the R&R de novo, the Court adopts Judge Krause's recommendation as set forth in Parts II.B through II.C of the R&R.

B. Actual Innocence

Petitioner's objections next seek to re-litigate the facts supporting his conviction. The Court fairly construes these arguments to object to the magistrate judge's determination that petitioner has failed to make a credible showing of actual innocence.

As Judge Krause correctly observed, petitioner's arguments ignore the fact that actual innocence is not "an independent constitutional claim, but [is] a basis upon which a habeas petitioner may have an independent constitutional claim considered on the merits" when a procedural bar is otherwise in place. Herrera v. Collins, 506 U.S. 390, 416 (1993). Further, even assuming actual innocence could function as a freestanding claim for relief, petitioner has not offered evidence that would meet the extraordinarily high burden of proof of actual innocence

---

3 The Court initially referred the petition to Magistrate Judge Lisa M. Smith. (Doc. #7). The petition was later transferred to Magistrate Judge Krause.

4 "ECF __" refers to page numbers automatically generated by the Court's Electronic Case Filing system.

identified by Judge Krause, which is required to obtain relief. (R&R at 52–53). Thus, the Court agrees petitioner's actual innocence claims must be denied for the reasons set forth in Part II.G of the R&R.

C. Ineffective Assistance of Plea Counsel

Next, petitioner reasserts the arguments from his petition that his plea counsel was ineffective for (i) failing to review or share allegedly exculpatory DNA evidence with petitioner, (ii) failing to investigate the law or the facts prior to the plea and sentencing proceedings, and (iii) coercing petitioner's guilty plea.

To prevail under the familiar standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), petitioner must (i) demonstrate that his attorney's performance fell below an "objective standard of reasonableness," meaning it amounted to incompetence under "prevailing professional norms," id. at 688, 690, and (ii) affirmatively prove prejudice, meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, not merely that an error "had some conceivable effect on the outcome," id. at 693. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In the guilty plea context, petitioner must "show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Upon de novo review, the Court agrees with the magistrate judge that petitioner has failed to meet the high standard of demonstrating he received constitutionally ineffective assistance of counsel. First, there is no support in the record for petitioner's contention that counsel "intentionally withheld" DNA evidence from petitioner. (Doc. #96 at ¶ 40). And even if

there were, the Court agrees with Judge Krause that this evidence was not exculpatory, and thus petitioner cannot show prejudice arising from counsel's alleged error. (R&R at 44–46).

Similarly, petitioner cannot show prejudice arising from counsel's alleged failure to investigate his case because petitioner has done nothing to carry his burden of offering "a comprehensive showing as to what the investigation would have produced." Steinhilber v. Kirkpatrick, M., 2020 WL 9074808, at *22 (S.D.N.Y. Aug. 21, 2020), report and recommendation adopted, 2021 WL 1254554 (S.D.N.Y. Apr. 5, 2021). Indeed, petitioner offers only his vague assertion that he "begged" counsel to investigate the alleged victims, but counsel refused. (Doc. #96 at ¶ 15). That does not meet the standard articulated in Strickland.

Finally, with respect to petitioner's argument that counsel coerced his guilty plea, the Court finds this claim is unavailing for all the same reasons set forth by Judge Krause. (R&R at 37–41). To the extent petitioner has supplemented this argument by offering new "exhibits" in his objection (Doc. #96 at ECF 17, 45–50), those exhibits are not properly before the Court. See Preacely v. United States, 2023 WL 4420345, at *2 (S.D.N.Y. July 10, 2023) ("Absent a most compelling reason, the submission of new evidence in conjunction with objections to the R&R should not be permitted."). And even if the Court were to consider petitioner's new exhibits, those exhibits in no way undermine the magistrate judge's well-reasoned conclusions.

D. Ineffective Assistance of Appellate Counsel

Petitioner also objects on the ground that his appellate counsel was ineffective by raising "only two points" on direct appeal. (Doc. #96 at ¶ 26). Petitioner does not explain what "points" he believes counsel should have raised but failed to raise on appeal. (Id.).

Before the magistrate judge, petitioner argued his appellate counsel was ineffective for failing to raise the following claims on direct appeal: (i) the County Court erred in deciding

petitioner's motion to withdraw his plea based on the record rather than petitioner's original written motion, (ii) the plea allocution was insufficient as a matter of law, (iii) the County Court coerced petitioner's guilty plea, and (iv) the statute defining the offense of assault in the second degree was unconstitutional or otherwise invalid. (R&R at 47). The Court fairly construes petitioner's instant objection to reiterate his previously asserted arguments that appellate counsel was ineffective for failing to raise the claims listed above.

Petitioner has not shown he received ineffective assistance of appellate counsel. "To establish prejudice in the appellate context, a petitioner must demonstrate that there was a reasonable probability that his claim would have been successful before the state's highest court." Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994). Judge Krause correctly determined that petitioner cannot satisfy this test because it is not reasonably probable that any of these claims would have had merit, and thus petitioner suffered no prejudice.[5] (R&R at 47–50).

E. Knowing, Voluntary, and Intelligent Character of Guilty Plea

Petitioner also appears to reassert his challenges to the knowing, voluntary, and intelligent character of his guilty plea. The Court has reviewed the record de novo and has independently reached the same conclusion as Judge Krause as set forth in Part II.D of the R&R. Critically, petitioner has not presented clear and convincing evidence undermining the state

[5] Petitioner appears to assert in his objections that his new counsel upon the first remand (rather than his appellate counsel) was ineffective for failing to argue the County Court erred in deciding his motion to withdraw his plea based on what happened on the record during sentencing rather than on petitioner's written motion. (Doc. #96 at ¶ 34). This argument, if being asserted for the first time in petitioner's objections to the R&R, is not properly presented. See Nambiar v. Cent. Orthopedic Grp., LLP, 158 F.4th at 359. And even if it were, it would be meritless because petitioner has done nothing to show prejudice resulting from this alleged error.

court's determination that petitioner's plea was knowing, voluntary, and intelligent. (R&R at 25–33).

F. Handling of Motion to Withdraw Guilty Plea

Petitioner reiterates his arguments related to the County Court's handling of his written motion to withdraw his guilty plea. Specifically, petitioner objects to (i) the County Court's failure to hold a hearing on his written motion to withdraw the plea, and (ii) the County Court's decision after remand to decide petitioner's motion to withdraw his plea based on the record from sentencing rather than petitioner's original written motion, and the Appellate Division's subsequent affirmance of that allegedly erroneous decision. Petitioner also again alleges the County Court intentionally lost or destroyed his written motion to withdraw his plea.

As to petitioner's first objection, "the failure to hold an evidentiary hearing on a motion to withdraw a plea does not offend a deeply rooted or 'fundamental' principle of justice" because "[b]oth federal and state precedent have established that a defendant is not entitled as a matter of right to an evidentiary hearing on a motion to withdraw a guilty plea." Hines v. Miller, 318 F.3d 157, 162 (2d Cir. 2003). Accordingly, the Court agrees with the magistrate judge that this argument does not provide a basis for habeas relief. (R&R at 37 n.28).

As to petitioner's other objections, Judge Krause correctly identified that these claims were procedurally barred from habeas review. Further, petitioner still has not shown cause and prejudice for his default, nor has he demonstrated actual innocence. (R&R at 18–20, 22–25). The Court concurs with Judge Krause's finding that there is no basis for petitioner's allegations of misconduct against the County Court. (Id. at 23 n.20).

G. Arguments Raised for the First Time in Objections

Petitioner devotes the remainder of his objections to advancing arguments not previously raised as grounds for relief. These new arguments allege corruption and bias by the state courts and the Westchester County District Attorney's Office, among others.[6] These new arguments are not properly before this Court and provide no basis for challenging the magistrate judge's proposed findings on the claims raised in the petition. See Nambiar v. Cent. Orthopedic Grp., LLP, 158 F.4th at 359; Jones v. Lavalley, 2015 WL 1439406, at *1 (S.D.N.Y. Mar. 30, 2015) ("New arguments and factual assertions cannot properly be raised for the first time in objections to the R&R, and indeed may not be deemed objections at all."). And even if the Court were to review these claims, they are unsupported and therefore unavailing.

**CONCLUSION**

Having carefully reviewed Magistrate Judge Krause's thorough and well-reasoned R&R, petitioner's objections, and the underlying record, the Court finds no error, clear or otherwise. Therefore, petitioner's objections are OVERRULED, the R&R is adopted in its entirety as the opinion of the Court, and the petition for a writ of habeas corpus is DENIED.

The Clerk is directed to enter Judgment accordingly and close this case.

---

6 This includes petitioner's arguments that (i) "corrupt police" forced him to give a statement without counsel present and without reading him his Miranda rights (Doc. #96 at ¶ 11); (ii) the police and Westchester County District Attorney intentionally fabricated this case, (id. at ¶ 12); (iii) County Court Judge Cacace was biased against him (id. at ¶¶ 8, 13); (iv) staff at Great Meadow Correctional Facility intentionally destroyed or stole a copy of petitioner's written motion to withdraw his plea (id. at ¶ 28); (v) respondent destroyed a copy of petitioner's written motion to withdraw his plea (id. at ¶ 35); and (vi) petitioner has been prejudiced by the Westchester County DA's office (id. at ¶¶ 38, 53).

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order and all unpublished decisions cited herein to petitioner at the address listed on the docket.

The Clerk is also instructed to mail a copy of this Order to petitioner at the address on the docket.

Dated: July 23, 2026
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge